W. J. Jennings *v.* G. A. Wilson.

1. Statute of Frauds.　*Code* 1892, §§ 4226, 4227, 4228.　*Construction.*

Section 4226, code 1892, declares void certain conveyances, and § 4227 invalidates loans of chattels where possession remains for three years, as also reservations of a use, etc., without a record. Although § 4228 declares that "*the last two sections*" shall not extend to a *bona fide* purchaser, the exception in favor of such purchaser applies only to § 4226; it is inconsistent with §4227, and therefore cannot apply to cases arising under it.

2. Same.　*Sale of chattels.*　*Secret claim.*　*Three years' possession.*

Accordingly, the secret claim of the seller of chattels, although the legal title is, in good faith, reserved as security for the payment of the purchase-money, cannot prevail against a judgment creditor of the buyer, where the latter has held possession of the property more than three years.

From the circuit court of Holmes county.

Hon. C. H. Campbell, Judge.

Appellant recovered judgment against one Almon. On November 8, 1892, execution thereunder was levied on two

printing-presses as the property of said defendant. Thereupon, appellee, G. A. Wilson, interposed a claim for the property, and an issue was made up, which was, by agreement, tried by the court without a jury, and judgment was rendered for the claimant, from which this appeal is taken.

The evidence showed that the presses originally belonged to the claimant, and that, in 1887, he sold them to Almon, taking his note, in which it was stipulated that the title to the property should remain in the seller until full payment. The note was not paid.

When Almon purchased the property, he established a newspaper and printing business in the town of Durant. He held himself out to the world as sole owner, and had exclusive control and possession of the property, using it in his business until it was levied upon, which was more than five years after his purchase. No one else was known to the outside public as having any interest in or claim upon the property. The debt of Wilson was evidenced only by the note, of which there was no record.

As a part of the statute of frauds, § 1293, code 1880, declared void certain transfers, and it also provided that where, under a loan of chattels, possession should remain for three years, or where any reservation of a use of property was made by way of condition or otherwise without a record, the same should be, as to creditors and purchasers, deemed fraudulent, and the property treated as that of the person so remaining in possession. Section 1294 of said code provided that "*this act* shall not extend to any estate or interest" which shall be, upon good consideration, *bona fide* conveyed, etc.

In the code of 1892, § 1293 of the code of 1880 is divided into two sections, § 4226 declaring void certain conveyances as fraudulent, and § 4227 containing the provisions as to a loan of goods and a reservation of a use, etc., without a record; and § 4228 provides that "*the last two sections* shall not extend to any estate or interest," etc., which shall be upon good consideration *bona fide* conveyed, being identical with

§ 1294 of the code of 1880, except that, at the beginning, "the last two sections" is substituted for "this act" in the prior code.

*E. F. Noel*, for appellant.

On the facts shown, it might well be contended that appellee is estopped from asserting claim to the property. But we will only consider the case in reference to its application to § 4227, code 1892, which is identical with § 1293, code 1880. This section provides that where any reservation or limitation shall have been made of a use of property, by way of condition or otherwise, and the possession shall have remained for three years, the transfer shall, as to creditors and purchasers of the person remaining in possession, be deemed fraudulent. The decision in *Paine* v. *Hall*, 64 Miss., 175, is conclusive of this case.

CAMPBELL, C. J., delivered the opinion of the court.

We have not been favored with any brief or suggestion by the appellee in support of the judgment in his favor in the circuit court, and being unable ourselves, unaided, to perceive why the case is not precisely within the terms of § 1293 of the code of 1880, so as to cut off the claim of the appellee to a reservation of title, because of the continued possession of his vendee of the property for more than three years, etc.,

*We reverse the judgment and remand the cause.*

*Hooker & Wilson*, for appellee,

Filed a suggestion of error, calling the attention of the court to the change made in the statute by the verbiage of § 4228, code 1892. They also cited *Prestidge* v. *Cooper*, 54 Miss., 74, and *Cook* v. *Ligon*, *Ib.*, 652, and contended that the judgment appealed from was right.

CAMPBELL, C. J., delivered the opinion in response.

We are now informed that this case was decided by the

circuit court on the assumption that it was governed by § 4228 of the code of 1892, which is supposed to have changed the law as it has been in this state since 1803. The argument is that, by the express declaration of said section, the section immediately preceding, containing the law as to separation of the possession of a chattel, and some claim of right in it by another, without record evidence of such right, for three years, is not to apply to *bona fide* sales for value, and as Wilson's sale to Almon was such, his secret claim of a conditional sale is good. This is a misconception of the law, induced by the ill-chosen language of § 4228. Its first declaration, although in terms embracing the section immediately preceding, is inapplicable to it, and cannot be made to apply to it even by legislative enactment, for the legislature cannot perform the impossible, and it is impossible, in the nature of things, to predicate a *bona fide* sale for value of the things specified in § 4227. The language is senseless as applied to it, and produces absurdity, from which we must save the legislature if we can.

The declaration applies, and must be applied, to § 4226, and to that only, and has no sort of influence on § 4227.

The next declaration of § 4228 is: "Nor shall *it*, in any case, extend to creditors whose debts were contracted after such fraudulent act," etc. What does "it" refer to? By the frame of the section it would seem to apply to the section immediately preceding; but as "it" is singular, and must apply to one and not both of the sections, we avail of the latitude allowed by the use of the singular pronoun to avoid the ridiculousness and absurdity of applying it to the immediately preceding section, and fit it where it sensibly belongs and has been heretofore since 1803, on the presumption that it was not really the purpose of the legislature to deny to subsequent creditors (the only class really misled and induced to credit by apparent ownership from continued possession) the right to assert absolute ownership in the possessor because of such possession. In each of these instances

we proceed *reddendo singula singulis,* of which the books afford many illustrations.

· It follows that, notwithstanding a very awkward form of expression, the law on this subject has not been changed by the code of 1892, and that the secret claim of Wilson cannot prevail against the creditor of the possessor of the chattel, who held it continuously for more than three years.

*Reversed.*